## No. 10,352.

### THE STATE OF LOUISIANA VS. LAURENT PUJO.

The appellate jurisdiction of the Supreme Court in criminal cases, does not extend to questions of fact touching the guilt or innocence of the accused; but is restricted to questions of law.

That court cannot review the action of a trial judge determining a motion for a new trial, grounded on questions of fact and relating to rulings made during the trial, to which no bill was reserved.

Neither can it review such action, although a bill be taken to the refusal of the judge to hear irrelevant testimony, in support of such motion for a new trial, when, had the testimony been heard and the motion denied, it would not have had the right or power to inquire into the sufficiency of the facts proved to justify the granting of a new trial.

State vs. Pujo.

An unintended act derives its character from the intended crime. The original malicious intent affects both. A verdict and sentence in such case is a bar to further prosecution.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Read*, J.

---

*Walter H. Rogers*, Attorney General, and *J. C. Gibbs*, District Attorney, for the State, Appellee.

---

*Fournet & Pujo* for Defendant and Appellant. -

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant was prosecuted for shooting with intent to murder, and on conviction, was sentenced to twenty-one years imprisoment at hard labor. He appeals from the verdict and sentence.

The record contains a motion for a new trial and a bill of exception.

The former is based on the ground that the verdict is contrary to law and evidence.

It states a discrepancy between the matters charged and those proved; it relates to evidence which is alleged to have illegally gone to the jury and charges that the verdict rendered, would be no bar to further prosecution. The whole complaint, after all, is that the defendant was indicted for shooting at Rose Williams *alias* Pujo, named in the indictment, while the facts show that he intended to shoot and did shoot at another, not named in the bill.

When the motion for a new trial came up for hearing, the defendant offered testimony in support thereof; but the same was, on the objection of the District Attorney, not admitted.

For so ruling, the district judge states:

That the object to be established by the witnesses was not a proper subject for inquiry; that one juror could not know the reasons for the verdict of another, and that if the shooting at another person is a separate crime, this should not operate as a bar, and if it is the same, the verdict is full bar.

It is clear that it is impossible for this Court to determine whether the district judge ruled correctly or not, as it has no jurisdiction over the facts submitted to the jury, touching the guilt or innocence of the accused, and as the rulings of the district judge on questions of evidence arisen during the course of the trial are not presented in the proper form.

The bill of exception is taken to the refusal of the district judge to

hear testimony in support of the motion for a new trial, which he considered irrelevant.

Had the witnesses been heard and had the judge, notwithstanding their testimony, refused the new trial, we would have had no authority to review his finding, for the reason that the matters at issue involved questions of fact.

The trial judge correctly refused to hear the testimony, for the reason that, had it been received, the defendant would have been as guilty for shooting as he says he did, as for shooting as he is charged to have done. Wharton Cr. L. 1346; State vs. L. Vines, 34 Ann. 1079.

The verdict of guilty and the sentence on it, would be a bar to further prosecution.

Judgment affirmed.